UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-225-KKC

JOHN BROWNING,                                                                  PLAINTIFF

v.                     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner,                       DEFENDANT
     of Social Security,

\*\*\*     \*\*\*     \*\*\*     \*\*\*

This matter is before the Court on the cross Motions for Summary Judgment filed by Plaintiff, John Browning, and Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [DE 9, 10]. For the reasons set forth below, the Court will **GRANT** the Commissioner's motion and **DENY** Plaintiff's motion.

**I. FACTS AND PROCEDURAL HISTORY**

On September 22, 2008, Plaintiff filed a claim for Disability Insurance Benefits and Supplemental Security Income alleging a disability beginning on January 26, 2007 based on a back injury. [AR 18, 149]. The claim was denied initially on February 24, 2009 and upon reconsideration on June 11, 2009. [AR 18]. Plaintiff then had a hearing in front of an Administrative Law Judge ("ALJ") who concluded that Plaintiff was not entitled to disability benefits. [AR 18, 15-27]. The Appeals Council refused to review the ALJ's decision. [AR 1]. The Plaintiff then filed an action in this Court seeking a review of the ALJ's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3).

1

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court must uphold the Agency decision "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Judicial review of the Commissioner's decision "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (internal quotation marks omitted).

Review "must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The Court "may look into any evidence in the record, regardless of whether it has been cited" to determine if the ALJ's decision is supported by substantial evidence. *Id.* However, the Court "do[es] not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

This Court must defer to the Agency decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416. 920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 26, 2007, the alleged onset date. [AR 20]. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease requiring lumbar fusion surgery with residual low back pain. [AR 20]. At step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. [AR 22]. The ALJ concluded that Plaintiff has no physical limitations in his daily living and only mild limitations in his social functioning. [AR 22]. The ALJ noted that Plaintiff is still able to help cook, wash dishes, do laundry, and perform other tasks in caring for his personal needs. [AR 22]. The ALJ also noted that Plaintiff has mild limitations in concentration, persistence, or pace. [AR 22]. Plaintiff has experienced no episodes of decompensation which have been of extended duration. [AR 22].

Prior to step four, the ALJ determined that the Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b), except he should avoid climbing ropes, scaffolds, and ladders; and concentrated exposure to vibration. [AR 23]. Since the Plaintiff's past relevant work as a carpenter construction worker requires medium to heavy exertion, the ALJ determined at step four that the Plaintiff was unable to perform any past relevant work. [AR 25]. At step five, however, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the

4

national economy that the Plaintiff could have performed. [AR 26]. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. [AR 27.]

**D. Analysis**

Plaintiff contends that the ALJ erred by (1) failing to give appropriate weight to the opinion of the treating physicians, (2) failing to consider the combined effects of all Plaintiff's impairments, (3) disregarding the durational requirement of substantial gainful activity, (4) failing to award Plaintiff a closed period disability allowance between alleged onset date of January 26, 2007 and April 2009, the date of his recovery from surgery. The Court will address each argument in turn.

### 1. Treating Physicians' Opinions

Plaintiff claims that the ALJ failed to give appropriate weight to one of two Functional Capacity Evaluations (FCE) ordered by the treating physician, Dr. Lockstadt. In general, an ALJ should give more weight to the opinions of treating physicians because:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir.1993) (citing *Young v. Sec'y of Health & Human*

5

*Servs.*, 925 F.2d 146, 151 (6th Cir.1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In this case, the ALJ actually accepted the opinion of the treating physician, Dr. Lockstadt, and that opinion was supported by substantial evidence. [AR 22-24]. Plaintiff does not object to the ALJ adopting the opinion of Dr. Lockstadt, but argues that "[t]he ALJ failed to give deference to the FCC (*sic*) ordered by the treating physician herein." [DE 9-1 at 4]. Dr. Lockstadt ordered two FCEs, one performed by physical therapist Davidson in September 2009 and one performed by physical therapist Kaczmarek in July 2007. [AR 615-624, 940-946]. Plaintiff does not identify which FCE the ALJ allegedly failed to give deference. Dr. Lockstadt reviewed P.T. Davidson's 2009 FCE, accepted it, and found it to be consistent with a light exertion work RFC. [AR 939]. Therefore, Plaintiff must be alleging that the ALJ failed to give deference to the July 2007 FCE. This FCE was performed by a physical therapist and was inconsistent with the treating physician's opinion. [AR 771]. The 2007 FCE was not entitled deference because it was performed by a physical therapist, not a treating physician, and was inconsistent with the treating physician's opinion. 20 C.F.R. §404.1527. Despite what Plaintiff claims, the ALJ did accept the treating physician, Dr. Lockstadt's opinion.

The record, as a whole, reflects substantial evidence—in the form of objective medical records and treating physician opinions—that the Plaintiff did not endure a 12-month period without some type of RFC. Dr. Lockstadt determined Plaintiff could perform light, sedentary work in August 2007. [AR 771]. Dr. Cassidy confirmed Plaintiff could perform light work by March 2008. [AR 213]. The pre-operative opinions of Dr. Cassidy and Dr. Gleiss supported Dr. Lockstadt's opinion. [AR 213, 692-709]. Plaintiff's symptoms improved after his surgery in

6

August 2008. [AR 717]. Dr. Lockstadt confirmed the Plaintiff's RFC for light work in September 2009. [AR 939].

Accordingly, the ALJ's decision is supported by substantial evidence, and he did not fail to give appropriate weight to any treating physician opinion—or other relevant medical evidence—in making that decision.

### 2. Combined Effects of Plaintiff's Impairments

The ALJ must consider the combined effect of all of the claimant's impairments, without regard to whether any of the impairments, considered individually, would be sufficient to render the claimant disabled. *Walker v. Comm'r of Soc. Sec.*, 980 F.2d 1066, 1071 (6th Cir. 1992). Plaintiff makes a conclusory allegation that the ALJ failed to consider the combined effects of all of his impairments. [DE 9-1 at 4]. This allegation, however, is not supported by a review of the ALJ's decision.

The ALJ considered Plaintiff's numerous alleged impairments including neck and low back pain and numbness radiating from those areas stemming from degenerative disc disease, chronic obstructive pulmonary disease, restless leg syndrome, sleep apnea, coronary artery disease, and depression. [AR 20-25]. The ALJ also properly considered the combined effect of these impairments. [AR 22-23]. The ALJ's hearing decision indicates that he found Plaintiff did "not have an impairment or *combination of impairments* that meets or medically equates one of the listed impairments." [AR 22 (emphasis added)].

The ALJ wrote that in finding Plaintiff has a RFC to perform light work, he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medial evidence and other evidence . . . ." [AR 23]. Plaintiff has failed to allege what specific impairments the ALJ failed to consider or how his combination of

7

impairments is different from the ALJ's analysis of his ability to perform work-related activities on a full-time basis. In sum, the ALJ's conclusion that Plaintiff's impairments, both individually and combined, does not meet the listing and supports the RFC of light work is supported by substantial evidence. [AR 22, 23 #5].

### 3. Durational Requirement of Substantial Gainful Activity

Plaintiff argues that the ALJ should have imposed a durational requirement of substantial activity and determined that substantial gainful activity includes the ability to hold the job for a significant period of time. [DE 9-1 at 5]. Plaintiff cites *Gatliff v. Comm. of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999) in support, but fails to explain why that case is applicable.

In *Gatliff*, the ALJ relied on evidence that the plaintiff had a series of short term jobs to find that the plaintiff could perform substantial gainful activity. *Gatliff*, 172 F.3d at 694. In that case, the Commissioner "concede[d] that [the plaintiff] likely cannot maintain any single job for more than approximately two months." *Id.* at 692.

Here, the ALJ did not rely on previous short term employment to determine that Plaintiff could perform light work. *See Mynhier v. Comm of Soc. Sec*, No. 10-cv-037, 2010 WL 3245394, at *7 (E.D. Ky. Aug. 16, 2010). The ALJ's determination that Plaintiff can perform light work with limitations is supported by substantial evidence.

### 4. Closed Period Disability Award

Plaintiff argues that he should have been entitled to a closed period award from the injury date of January 26, 2007 until his release from surgery in April 2009. [DE 9-1 at 5]. Plaintiff does not argue what specific evidence supports his argument but makes a conclusory allegation that "[i]t is clear from the record that Plaintiff should have been determined to at least be entitled to a closed period award from the injury date of January 26, 2007 and release from surgery in

8

April 2009. (*sic*)" [DE 9-1 at 5]. The record, in fact, supports the ALJ's decision. In August 2007, Dr. Lockstadt wrote that Plaintiff could perform light, sedentary work. [AR 771]. In March 2008, Dr. Cassidy opined that Plaintiff could perform light work. [AR 213]. Plaintiff does not indicate what portion of the record supports his argument that the ALJ should have granted a closed period award, and the Court's review of the record indicates that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

For the reasons set forth above, the ALJ's decision denying Plaintiff benefits applied the proper legal standard and is supported by substantial evidence in the record. Accordingly, it is **ORDERED** as follows:

1) Plaintiff's Motion for Summary Judgment is **DENIED**,

2) The Commissioner's Motion for Summary Judgment is **GRANTED**, and

3) A judgment shall enter concurrently with this Memorandum Opinion and Order.

Dated this 1st day of August, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge